IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD E. GREBE,

        Plaintiff,

v.                                                                                                            No. CIV 99-788 BB/DJS

CIGNA CORPORATION, operating
through its division, CIGNA GROUP, and
its operating subsidiary, LIFE INSURANCE
COMPANY OF NORTH AMERICA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court for consideration of Defendant's objection to an order entered by Magistrate Svet (Doc. 48); Defendant's motion to bifurcate issues at the trial (Doc. 32); and Plaintiff's motion for partial summary judgment (Doc. 41). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the objection to the Magistrate's order should be denied, the motion to bifurcate issues at the trial should be granted in part and denied in part, and the motion for partial summary judgment should be denied.

        **Objections to Magistrate Svet's Order**

        After the close of discovery and after the deadline for disclosing expert witnesses, Defendant filed a motion requesting permission to add an expert who would testify at trial. The Magistrate denied that request. In order to reverse the Magistrate's decision this Court must determine it is clearly erroneous or contrary to law. *See First Union Mortgage Corp. v. Smith*,

2000 WL 1528047 (10th Cir.). This standard is extremely restrictive; to be clearly erroneous, a magistrate's decision must strike the district court as "more than just maybe or probably wrong; it must...strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 402 (D.N.M. 1991). In this case, the Magistrate found that Defendant had ample notice that an expert in cardiology might be necessary in the case, and had ample time to find such an expert. The Magistrate also found that Defendant's lack of knowledge concerning the exact testimony of Plaintiff's cardiologist, prior to taking Dr. Shadoff's deposition, did not adequately excuse or explain Defendant's late decision to try to add an expert. Nothing Defendant has provided to this Court indicates the Magistrate's decision was clearly erroneous or contrary to law. Therefore, the objection to the Magistrate's order will be denied.

**Motion to Bifurcate**

Defendant asks the Court to bifurcate the issues of bad-faith failure to pay and punitive damages, from the breach-of-contract issue. The decision to bifurcate or refuse to bifurcate a trial is within the district court's discretion, and there is ample case law supporting either decision. *Compare, e.g., McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870-71 (7th Cir. 1994) (no abuse of discretion in refusing to bifurcate bad-faith claim from underlying claim; normal procedure is to try compensatory and punitive damages claims together, with appropriate instructions to jury), *and E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998) (no abuse of discretion in refusing to bifurcate, where evidence relevant to punitive damages was also relevant to liability), *with Shugart v. Central Rural Electric Cooperative*, 110 F.3d 1501 (10th Cir. 1997) (no abuse of discretion in bifurcating trial of actual damages, punitive damages).

In this case, the parties agree that there will be an overlap between evidence that is relevant to punitive damages and the bad-faith issue, and evidence relevant to the breach-of-contract claim. This fact indicates a complete bifurcation of the trial is not necessary or desirable. Also, this Court routinely tries cases involving both compensatory and punitive damages, without bifurcating those issues. However, to prevent prejudice to defendants, it is this Court's practice, upon request by a defendant, to initially withhold the question of the amount of punitive damages from the jury. Under this procedure, no evidence concerning the defendant's financial position is presented to the jury until, and unless, the jury decides punitive damages are warranted. Therefore, the trial of this case will be bifurcated only to that extent.

**Motion for Partial Summary Judgment**

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida,

53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Plaintiff's motion for partial summary judgment in light of these standards.

Plaintiff maintains he has established Defendant's breach of his disability-insurance policy, as a matter of law. The Court, however, finds there are numerous genuine disputes of material fact, precluding the grant of partial summary judgment in this case. Although Plaintiff presented evidence that his treating physicians and a Social Security judge consider him totally disabled, there was contrary evidence requiring the submission of this claim to a jury.[1] There was evidence that Plaintiff has excellent capacity for exercise, that he plays golf regularly, runs, and performs other aerobic exercise. There was also evidence that the Social Security decision was based at least in part on Plaintiff's depression, a mental condition triggering different disability standards under the insurance policy. Plaintiff's cardiologist, Dr. Shadoff, indicated that the risk to Plaintiff, if he went back to work, was a future risk, not a present risk. In addition, the degree of that risk is uncertain, because there are no tests to show whether stress is affecting a particular cardiac patient's heart. Dr. Shadoff could not predict the likelihood of Plaintiff developing further cardiac problems should he continue working, "not with any medical certainty." Dr. Shadoff also stated his don't-go-back-to-work recommendation was preventive,[2] and his notes indicated he was "not

---

[1] Defendant points to the affidavit of Dr. Barry Ramo, the expert Defendant wished to add too late, as being sufficient in itself to create a factual dispute. However, there is authority for the proposition that, where a witness will not be allowed to testify at trial, that witness's affidavit cannot be used to avoid summary judgment. *See Occidental Fire & Cas. Co. of North Carolina v. Great Plains Capital Corp.*, 1997 WL 124312 (9th Cir. ); *Antoine-Tubbs v. Local 513, Air Transp. Div.*, 50 F.Supp.2d 601, 608 (N.D.Tex. 1998). The Court has therefore not considered Dr. Ramo's affidavit in deciding this issue.

[2] The significance of this statement is not before the Court, since the parties have not argued the issue of whether a preventive medical precaution can totally disable an insured under the policy issued by Defendant.

sure" it is in Plaintiff's best interest to return to work. Finally, there was evidence from Dr. Shadoff that, following Plaintiff's recovery from his heart attack, his heart was not symptomatic.

As to Dr. Merchant's opinion, there was evidence from Defendant's employees that the medical records provided by Dr. Merchant were inadequate and did not support his opinion that Plaintiff is totally disabled. There was also evidence that Plaintiff had worked with his chronic fatigue syndrome for almost ten years prior to his heart attack, and there was a factual dispute about whether this condition had worsened and whether there were any medical records establishing such deterioration in his condition.

In sum, sufficient evidence has been presented to the Court from which a jury could determine that Plaintiff was not totally disabled from performing his duties as an insurance agent, at the time he applied for disability payments. Of course, there was also a substantial amount of evidence indicating he is totally disabled. At the summary-judgment stage, however, as noted above, the Court must view the evidence in the light most favorable to Defendant. Doing so, the Court will deny Plaintiff's motion for partial summary judgment.

**Conclusion**

Based on the foregoing, the Court will deny Defendant's objection to Magistrate Svet's order; grant in part and deny in part Defendant's motion to bifurcate the issues at trial; and deny Plaintiff's motion for partial summary judgment.

**ORDER**

Pursuant to the foregoing Memorandum Opinion, it is hereby ORDERED as follows: Defendant's objection to Magistrate Svet's order (Doc. 48) is hereby DENIED; Defendant's

motion to bifurcate the issues at trial (Doc. 32) is hereby GRANTED in part and DENIED in part; and Plaintiff's motion for partial summary judgment (Doc. 41) is hereby DENIED.

Dated this 3d of November, 2000.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
William G. Gilstrap
William G. Gilstrap P.C.
P.O. Drawer H
Albuquerque  NM  87103

**For Defendant**:
Tracy M. Jenks
Deborah E. Mann
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque  NM  87103